**KNOWLES et v STATE**

Ohio Appeals, 2nd Dist, Franklin Co

No 2216.  Decided Nov 4, 1932

Michael Coughlin, Columbus, Benson Ogier, Guy V. Fridley, Columbus, and J. Bruce Blanchard for plaintiff in error.

Donald J. Hoskins, Prosecuting Attorney, Columbus, and Ralph J. Bartlett, Ass't Prosecuting Attorney, Columbus, for defendant in error.

ALLREAD, J.

A motion for new trial was filed and heard by the court and overruled. The court then ordered the sentence to the Ohio Reformatory carried into effect. A petition was filed in the Court of Common Pleas on June 15th, 1932. There is some question in the mind of the court as to whether the petition in error was filed in time to obtain a review of the judgment. We will assume,

however, that it was. There is a still further question as to whether the petition in error was filed on behalf of all of the defendants in the court below. The assumption is in favor of the plaintiffs in error in this case.

The alleged robbery was committed in the laundry of George Yee on Chittenden Avenue, in the City of Columbus. Yee was born in this country, of foreign extraction, and talked broken English. It was, therefore, necessary to have an interpreter to make his testimony intelligible. The testimony of Yee, among other things, is as follows:

"Q. Now tell the court what happened there that day.

A. In March 22nd, in the afternoon, between 3:30 and 4:00 the girl came in first and asked for laundry (the girl referring to Emma Lucas) and about a few seconds the tall fellow (Knowles) came in.

Q. Just a minute; go ahead.

A. And then the short fellow (Evans) came in.

Q. What else happened?

A. The tall fellow rushed through the lattice gate, the gate happened to be open, on account of the delivery of some merchandise, and the door was left open. So they took the chance and rushed in and the tall fellow took me by the neck and the short fellow opened the cash register and took about between four and five dollars.

Q. What, if anything, did the girl do during this time?

A. The girl held my hand and just as soon as they took this money, her and them ran out."

This is the substance of Yee's testimony. It is supplemented with other facts tending to show the truth of the facts so testified to. There was still other evidence offered for the state tending to prove that a joint criminal design was entered into between participants and that the acts done were in pursuance to the criminal design.

Counsel claim that the court, upon the motion for a judgment in favor of the plaintiffs in error referred to the plea of guilty entered by the defendants in that case. This they claim the court had no right to do.

The trial court nevertheless was justified in its judgment upon the motion for an instructed verdict independent of the plea of guilty. It is not clear from the records that the plea of guilty was offered in evidence. The plea of guilty, however, oc-

curred in the presence of the court and the court must have known of the plea in a general way. Nevertheless we are of opinion that he had no right to give his views as to the plea of guilty in the trial of the case in the absence of evidence upon that subject. There was, however, evidence from which all the material facts were proved and the court was justified in overruling the motion for an instructed verdict at the close of the state's testimony. It is also claimed by counsel that the offense actually proven is burglary rather than robbery. We think that the evidence justified the claim that the proof shows all the elements of the claim of robbery. There was the taking of the four or five dollars from the cash register and we think that it was taken forcibly and against the will of Yee, the prosecuting witness.

We have considered the claims made in the briefs and argument of counsel for plaintiffs in error. Upon consideration of the record in connection with the claims of counsel we reach the conclusion that there was sufficient evidence to justify the trial court in overruling the motion for a dismissal of the case. Plaintiffs in error thereupon offered their testimony and evidence. This tends to prove that Emma Lucas went from the taxi into the laundry upon a different mission than that claimed by the State. In other words, that her mission in going into the place of Yee was a lawful rather than an unlawful one; this, therefore, became a question of fact for the decision of the trial court. We think the evidence justified the court in holding that the mission of Emma Lucas to the laundry was in pursuance of the criminal design of the three defendants in the court below. Knowles and Evans left the taxi and came into the laundry shortly after Emma Lucas went in. We can conceive of very little inference tending to prove their lack of guilty knowledge and of entering into the agreement of robbery, but the question was one of fact which the trial court had a right to decide. The witnesses appeared before the trial court and their testimony was to be weighed by the trial court. We think there is nothing to show that the trial court did not fairly weigh all the testimony and give the defendants, now the plaintiffs in error, the benefits of their case as made by them.

There being no prejudicial error the judgment is affirmed.

HORNBECK and KUNKLE, JJ, concur.